# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. EMILIO HERNANDEZ, Defendant. | CASE NO. 17cr1903-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [Dkt. 44]** |
|---|---|

In January 2018, this Court sentenced Defendant Emilio Hernandez to 68 months imprisonment and three years of supervised release for importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. Hernandez now petitions the Court for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that First Step Act of 2018 and Amendments 782 and 788 to the Sentencing Guidelines each provide basis for relief. For the reasons below, the Court **DENIES** the motion.

First, Amendments 782 and 788—in which the United States Sentencing Commission reduced the guideline ranges applicable to certain drug offenses—plainly do not apply here because Hernandez was sentenced in 2018, three years after Amendments 782 and 788 were enacted. The Court imposed a sentence that was consistent with the post-Amendment guidelines, and no further modification of the sentence is warranted on this basis.

1    The First Step Act is also inapplicable here.[1]  Although it is not entirely clear from his motion, Hernandez's request for a reduction of sentence appears to be based on section 404 of the First Step Act, which provides for retroactive application of the Fair Sentencing Act of 2010 and applies to certain cocaine-based offenses.  Because Hernandez was sentenced after 2010 and because his offense did not involve cocaine, the First Step Act provides no avenue for relief here.

In short, because Hernandez has not demonstrated he is eligible for the relief he seeks, his motion for a modification of sentence under 18 U.S.C. § 3582(c) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 20, 2020

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] Hernandez also makes passing reference to the Second Chance Act in his motion.  The Second Chance Act, which authorizes the Bureau of Prisons to place inmates in residential reentry centers during their final year of incarceration, does not provide an independent avenue for reducing a defendant's sentence.  In any event, Hernandez is more than two years away from release, and the Court therefore declines to issue a non-binding recommendation to the BOP as to where Hernandez should be housed.